J. Mark Meinhardt #027868
Meinhardt Law Firm
1 E Washington Street, Ste. 500
Phoenix, AZ 85004-2558
meinhardtlaw@gmail.com
602-714-7139

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Chris Mattison

      Plaintiff,

                                    **Case No.:**

v.

Portfolio Recovery Associates, LLC,

      Defendant.

**COMPLAINT AND JURY DEMAND**

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides within the Judicial District.

6. Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

## **PARTIES**

8. Plaintiff Chris Mattison is a natural person.

9. Plaintiff resides in the City of Mesa, County of Maricopa, State of Arizona.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq.

12. Defendant, Portfolio Recovery Associates, LLC is a foreign corporation.

13. Defendant maintains an Arizona resident agent of Corporation Service Company, 2238 W. Royal Palm Rd, Suite J, Phoenix, Arizona 85021.

14. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. The principal business of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS AND CAUSES OF ACTION**

17. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, (hereinafter the "Account").

18. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. The Account went into default with the original creditor.

20. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the Account.

22. The Plaintiff requests that the Defendant cease all further communication on the Account.

23. The Plaintiff requests that the Defendant validate the debt pursuant to 15 U.S.C. § 1692g.

24. The Plaintiff is represented by the undersigned attorney regarding the subject debt.

25. In the year prior to the filing of the instant action, including but not limited to calls during the Fall of 2013, the Defendant, acting through its representatives, employees and/or agents, participated in telephone calls with Plaintiff at his home telephone number. This telephone number, to protect Plaintiff's privacy, will be provided to Defendant or counsel upon request.

26. Upon information and belief, Defendant possesses recordings of the content of telephone calls between Plaintiff and Defendant's representatives.

27. Upon information and belief, Defendant kept and possesses written documentation and/or computer records of telephone calls and correspondence between Plaintiff and Defendant's representatives.

28. The purpose of these telephone calls and correspondence was to attempt to collect the Account.

29. The telephone calls and correspondence conveyed information regarding the Account directly or indirectly to the Plaintiff.

30. The telephone calls and correspondence each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls and mailed correspondence to the Plaintiff was to attempt to collect the Account.

32. During the telephone calls representatives, employees and/or agents of the Defendant continued to repeatedly contact Plaintiff after he advised he was unemployed, unable and unwilling to pay, and would contact Defendant when he was able to pay in violation of 15 U.S.C. § 1692d preface.

33. During the telephone calls representatives, employees and/or agents of the Defendant continued to contact Plaintiff after 7:00 p.m. after he advised Defendant's collector such calls woke his children and were at an inconvenient time in violation of 15 U.S.C. § 1692c(1).

34. During the telephone calls representatives, employees and/or agents of the Defendant failed to identify itself as a debt collector attempting to collect a debt in violation of 15 U.S.C. §1692d and e.

35. "The Act [FDCPA] is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

36. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." <u>Doshay v. Global Credit and Collection Corporation</u>, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

37. The FDCPA is a remedial statute; it should be construed liberally in favor of the consumer. <u>Johnson v. Riddle</u>, 305 F.3d 1107, 1117 (10th Cir. 2002).

38. The FDCPA allows the consumer to orally dispute a debt. <u>Camacho v. Bridgeport Financial Inc.</u>, 430 F.3d 1078, 1081 (9th Cir. 2005) and <u>Brady v. The Credit Recovery Company, Inc.</u>, 160 F.3d 64, 67 (1st Cir.1998).

39. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. <u>Sambor v. Omnia Credit Servs.</u>, 183 F.Supp. 2d 1234, 1240 (D. Haw. 2002).

40. A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all. <u>Mendez v. M.R.S. Assoc.</u>, 2004 WL 1745779, page 2 (N.D.Ill. August 3, 2004).

41. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Phoenix, Arizona as the place of trial.

## **DEMAND FOR RELIEF**

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. A judgment in favor of the Plaintiff and against the Defendant.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ J. Mark Meinhardt

    ATTORNEY FOR PLAINTIFF